**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH ROBINSON,<br><br>    Plaintiff,<br><br>  v.<br><br>KENNETH BRYANT,<br><br>    Defendant. | No. 2:20-CV-1189-DMC<br><br><br>ORDER |

Plaintiff, who is proceeding pro se, brings this civil action. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c); see also ECF No. 25 (District Judge order reassigning action). Pending before the Court are: (1) Plaintiff's motions for leave to amend, ECF Nos. 28, 30, and 39; (2) Plaintiff's first, second, and third amended complaints, ECF Nos. 31, 32, and 37; and (3) Plaintiff's second motion for sanctions, ECF No. 35.

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B). In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all

1

the parties. See Fed. R. Civ. P. 15(a)(2).

Here, Defendant served a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on August 19, 2020. See ECF No. 13-1, pg. 16 (proof of service). Plaintiff's first amended complaint was filed on October 13, 2020. See ECF No. 31. The second and third amended complaint were filed after that date. Because Plaintiff's various amended complaints were filed more than 21 days after service of Defendant's Rule 12(b)(6) motion, leave of court is required before they can be considered. Plaintiff did not obtain leave of court prior to filing the amended complaint. For this reason, they will be stricken as improperly filed.

Turning to Plaintiff's motions for leave to amend, his first two motions are defective because they were not noticed for a hearing as required by Eastern District of California Local Rule 230. As such, they will be stricken. Plaintiff's third motion, while noticed for a hearing consistent with Local Rule 230, fails to satisfy Federal Rule of Civil Procedure 7(b) governing motions. Specifically, the rule requires motions "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). Plaintiff's third motion for leave to amend consists of a single type-written page with no citation to authority or statement of the grounds supporting the relief sought. Because Plaintiff's third motion does not comply with Rule 7(b), it will also be stricken.

Finally, Plaintiff's second motion for sanctions is also improper as it was not set for hearing as required by Local Rule 230. As such, it will also be stricken.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's filings at ECF Nos. 28, 30, 31, 32, 35, 37, and 39 are stricken.

Dated: January 7, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE