IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ROBINSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KENNETH BRYANT,<br><br>　　　　Defendant. | No.  2:20-CV-1189-DMC<br><br><br>MEMORANDUM OPINION AND ORDER |

　　　　Plaintiff, who is proceeding pro se, brings this civil action.  Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment.  See 28 U.S.C. § 636(c); see also ECF No. 25 (District Judge order reassigning action).  Pending before the Court is Defendant's motion to dismiss, ECF No. 13.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's original complaint. See ECF No. 1. Plaintiff names as the sole defendant Kenneth Bryant, a Butte County Deputy Sheriff, who is sued in his individual capacity. See id. at 2.

According to Plaintiff, on October 1, 2015, Defendant Bryant met with Charles Duran and the two "conspired to cause me to be arrested without probable cause upon the false premise of sending in the mail to Duran a 'letter disguised as a court document' that was a real court document and which both Duran and Bryant knew or should have known was a real court document." ECF No. 1, pg. 7. Plaintiff adds that, on October 5, 2015, Defendant Bryant signed a Declaration of Probable Cause for an arrest warrant targeting Plaintiff for violation of California Penal Code § 166(a)(4). See id.

Next, Plaintiff alleges that Butte County District Attorney Veronica Carrillo filed a criminal complaint against him on December 14, 2015, for violation of § 166(a)(4). See id. Plaintiff states that an arrest warrant was issued on February 18, 2016, no. SCR10597. See id. Plaintiff states that he "discovered" the arrest warrant on December 20, 2019, and surrendered to the Butte County Sheriff's Office on December 24, 2019. See id. Finally, Plaintiff states that Butte County District Attorney Terri Mannion learned that the document at issue was in fact a court document and moved to dismiss the charges on February 28, 2020. See id.

Plaintiff claims Defendant Bryant violated his rights under the Fourth Amendment to be free from arrest without probable cause. See id. at 3.

## II. STANDARDS FOR MOTION TO DISMISS

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen,

1  395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

2  factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

3  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

4  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

5     Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

6  of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair

7  notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly,

8  550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order

9  to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain

10  more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

11  allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The

12  complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at

13  570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

14  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

15  Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but

16  it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting

17  Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a

18  defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement

19  to relief." Id. (quoting Twombly, 550 U.S. at 557).

20     In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials

21  outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

22  Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1)

23  documents whose contents are alleged in or attached to the complaint and whose authenticity no

24  party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

25  and upon which the complaint necessarily relies, but which are not attached to the complaint, see

26  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

27  of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

28  1994).

3

1     Finally, leave to amend must be granted "[u]nless it is absolutely clear that no
2 amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per
3 curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III.  DISCUSSION

In his motion to dismiss, Defendant argues that Plaintiff's allegations do not support any claim for relief.

At the outset, the Court agrees with Defendant that Plaintiff's claim is properly characterized as a claim for malicious prosecution and not false arrest.  Where, as here, an arrest occurs after the filing of criminal charges, the arrest necessarily took place pursuant to legal process and, therefore, was not a false arrest.  See Jones v. Keitz, 2017 WL 3394121 (E.D. Cal. 2017) (citing Wallace v. Kato, 549 U.S. 384, 389 (2007)).  Under the facts alleged, Plaintiff's claim predicated on false arrest is "subsumed by a claim for malicious prosecution." Id.

To state a claim under 42 U.S.C. § 1983 for malicious prosecution, the plaintiff must allege "that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995).  In this context, Defendant argues that Plaintiff's allegations fail to overcome the conclusion that investigating officers are immunized from liability when a criminal complaint is filed because it is presumed the prosecutor exercised independent judgment in determining probable cause for an accused's arrest existed at the time of the arrest.  "Unless overcome, . . . the presumption insulates the arresting officers from liability for harm suffered after the prosecutor initiated formal prosecution." See Smiddy v. Varney, 803 F.2d 1469, 1471 (9th Cir. 1986); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1027 (9th Cir. 2008).  To overcome the presumption that the prosecutor exercised independent judgment, the plaintiff must allege and prove "that the district attorney was subjected to unreasonable pressure by the police officers, or that the officers knowingly withheld relevant information with the intent to harm [him], or that the officers knowingly supplied false information."  Id.  Negligence on the part of the

4

investigating officers is insufficient to overcome the presumption.  See Smiddy, 803 F.2d at 1472-73.

Defendant argues:

> Plaintiff's allegations do not overcome the *Smiddy* presumption. Plaintiff does not allege that Deputy Bryant "exert[ed] undue pressure on the prosecutor to file charges, [] knowingly present[ed] false information to the prosecutor, or knowingly withh[eld] relevant information from the prosecutor."  [¶] To the contrary, and by his own pen, Plaintiff alleges that Deputy Bryant conducted a negligent investigation.
>
> \* \* \*
>
> Plaintiff has not only failed to allege facts overcoming the *Smiddy* presumption, he has affirmatively alleged the contrary: he has conclusively alleged the independent prosecution against him in People v. Robinson, Butte County Superior Court No. SCR 105957, by three prosecutors from the Butte County District Attorney's office.
> On October 5, 2015 Deputy "Bryant signed a Declaration of Probable Cause for Arrest Warrant against me for violation of [California Penal Code §] 166(a)(4)". That was the end of Deputy Bryant's connection to the criminal prosecution.
> More than two months later, on December 14, 2015, Butte County Deputy District Attorney "Veronica Carrillo filed a Complaint against me for a violation of CPC 166(a)(4) based solely upon Bryant's Declaration," People v. Robinson, Butte County Superior Court No. SCR 105957. Deputy District Attorney Carrillo was the first of three deputies to prosecute the Plaintiff, all independent of Deputy Bryant.
> More than four months after Deputy Bryant's departure from the prosecution, on February 18, 2016, "an Arrest Warrant was issued for me in SCR105957."
> On December 20, 2019, "I discovered the SCR105957 Arrest Warrant." On December 24, 2019, more than four years after Deputy Bryant's departure from the prosecution, "I surrendered to [the Butte County Sheriff's Office] on the Arrest Warrant. [The second Butte County Deputy District Attorney assigned to the matter] Leah Sears prosecuted me in SCR105957."
> On February 27, 2020, "[the third Butte County Deputy District Attorney assigned to the matter] BCDA Terri Mannion "became aware" that the "letter disguised as a court document" was a court document that had been lawfully filed and served upon Duran." On February 28, 2020, "Mannion moved the court to dismiss SCR105957 in the interest of justice."
> Plaintiff has conclusively demonstrated the independent criminal prosecution by the Butte County District Attorney's office over the course of four years after Deputy Bryant ended his investigation. Plaintiff has conclusively demonstrated that Deputy Bryant ended his connection with the prosecution more than four years before Plaintiff became aware of the prosecution and more than four years before his arrest.
> Because the Plaintiff has affirmatively alleged only negligence by Deputy Bryant and has affirmatively demonstrated the Butte County District Attorney's exercise of independent judgment in prosecuting the criminal action under Penal Code California Penal code section 166

(a)(4), this action must be dismissed as a matter of law. *Jones v. Keitz*, U.S. Dist. LEXIS 125492, *9, 2017 WL 3394121 (E.D. Cal. 2017).

ECF No. 13-1, pgs. 12-14.

While the Court agrees with Defendant that Plaintiff's claim is properly characterized as a claim for malicious prosecution and that the Smiddy presumption applies to such claims in general, the Court does not agree with Defendant that Plaintiff's allegations in this case fail to overcome the Smiddy presumption. Defendant's argument is based on the incorrect conclusion that "by his own pen, Plaintiff alleges that Deputy Bryant conducted a negligent investigation" and "Plaintiff has affirmatively alleged only negligence by Deputy Bryant. . . ." As Defendant acknowledges, Plaintiff claims that Defendant knew or should have known the document at issue was in fact a real court document and not a letter disguised as a court document and, as such, sending it in the mail was not a violation of California Penal Code § 166(a)(4). To the extent Plaintiff claims Defendant Bryant knew the document was in fact a court document, the Court must presume the allegation to be true. The allegation that Defendant knowingly supplied false information is sufficient at the pleading stage to overcome the Smiddy presumption. Whether Plaintiff's allegation is borne out by the evidence is a question for a later day.

### IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss, ECF No. 13, is denied; and

2. Defendant shall file an answer to Plaintiff's complaint within 30 days of the date of this order.

Dated: January 13, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE