IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ROBINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>KENNETH BRYANT,<br><br>    Defendant. | No. 2:20-CV-1189-DMC<br><br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff, who is proceeding pro se, brings this civil action. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c); see also ECF No. 25 (District Judge order reassigning action). Pending before the Court are the parties' cross-motions for summary judgment, see ECF No. 87 (Plaintiff's third amended motion for summary judgment) and ECF No. 88 (Defendant's motion for summary judgment).

The parties appeared before the undersigned for a hearing on September 22, 2021, at 10:00 a.m., in Redding, California. Plaintiff appeared pro se. Gregory Paul Einhorn, Esq., appeared for Defendant. After hearing arguments, the matter was submitted.

/ / /

/ / /

/ / /

At the hearing, Plaintiff acknowledged that there remain triable issues of fact in his action.  Given this contention, Plaintiff has thus admitted that he is not entitled to summary judgment in his favor.  Plaintiff's motion for summary judgment will, therefor, be denied and the remainder of this opinion will focus on Defendant's motion for summary judgment and Plaintiff's opposition thereto.

The Federal Rules of Civil Procedure provide for summary judgment or summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  The standard for summary judgment and summary adjudication is the same. See Fed. R. Civ. P. 56(a), 56(c); see also Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Under summary judgment practice, the moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id., at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th

1  Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
2  return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436
3  (9th Cir. 1987).  To demonstrate that an issue is genuine, the opposing party "must do more than
4  simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record
5  taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no
6  'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).  It is sufficient that "the
7  claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions
8  of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.
9  　　　　　In resolving the summary judgment motion, the court examines the pleadings,
10 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.
11 See Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed, see Anderson,
12 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the
13 court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587.
14 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
15 produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen
16 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
17 1987).  Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the
18 judge, not whether there is literally no evidence, but whether there is any upon which a jury could
19 properly proceed to find a verdict for the party producing it, upon whom the onus of proof is
20 imposed."  Anderson, 477 U.S. at 251.
21
22                                    **I. BACKGROUND**
23     **A.**     **Plaintiff's Allegations**
24 　　　　　This action proceeds on Plaintiff's original complaint.  See ECF No. 1.  Plaintiff
25 names as the sole defendant Kenneth Bryant, a Butte County Deputy Sheriff, who is sued in his
26 individual capacity.  See id. at 2.
27 / / /
28 / / /

1          According to Plaintiff, on October 1, 2015, Defendant Bryant met with Charles
2  Duran and the two "conspired to cause me to be arrested without probable cause" for allegedly
3  violating the terms of a September 9, 2015 restraining order issued against Robinson in the Butte
4  County Superior Court case captioned Duran v. Robinson (Case No. 16457). The subject
5  restraining order barred Robinson from contact with Duran, with the express exception of
6  "peaceful written contact through a lawyer or a process server or other person for service of *legal*
7  *papers related to a court case…"*. (emphasis added). Plaintiff contends that following his service
8  of three documents relating to pending litigation as between Duran and Robinson, Defendant
9  Bryant knowingly mischaracterized one of the documents served by Robinson as being outside
10 the Restraining Order exception for "legal papers related to a court case".  ECF No. 1, pg. 7.
11 Plaintiff adds that, on October 5, 2015, Defendant Bryant signed a Declaration of Probable Cause
12 for Arrest Warrant targeting Plaintiff for violation of California Penal Code § 166(a)(4).  See id.
13         Next, Plaintiff alleges that Butte County District Attorney Veronica Carrillo filed
14 a criminal complaint against him on December 14, 2015, for violation of § 166(a)(4).  See id.
15 Plaintiff states that an arrest warrant was issued on February 18, 2016, no. SCR10597.  See id.
16 Plaintiff states that he "discovered" the arrest warrant on December 20, 2019 and surrendered to
17 the Butte County Sheriff's Office on December 24, 2019.  See id.  Finally, Plaintiff maintains
18 that once Butte County District Attorney Terri Mannion learned that the document at issue was
19 in fact a "court document" subject to the exception specified in the Restraining Order, and on
20 that basis on February 28, 2020 moved to dismiss the criminal action of People v. Robinson,
21 Butte County Case No. SRC105957.  See id.
22         Plaintiff filed the instant action on June 15, 2020.
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

**B.     Defendant's Motion to Dismiss**

On August 19, 2020, Defendant filed a motion to dismiss Plaintiff's complaint. See ECF No. 13. The Court issued an opinion on January 13, 2021, denying Defendant's motion. See ECF No. 47. In doing so, the Court characterized Plaintiff's claim as one for malicious prosecution. See id. at 4. The Court stated:

> At the outset, the Court agrees with Defendant that Plaintiff's claim is properly characterized as a claim for malicious prosecution and not false arrest. Where, as here, an arrest occurs after the filing of criminal charges, the arrest necessarily took place pursuant to legal process and, therefore, was not a false arrest. See Jones v. Keitz, 2017 WL 3394121 (E.D. Cal. 2017) (citing Wallace v. Kato, 549 U.S. 384, 389 (2007)). Under the facts alleged, Plaintiff's claim predicated on false arrest is "subsumed by a claim for malicious prosecution." Id.

ECF No. 47, pg. 4.

The Court concluded that in the context of the then pending motion, Plaintiff's allegations, accepted as true, overcome the presumption that investigating officers are immunized from suit by the exercise of prosecutorial independent judgment – the so-called Smiddy presumption. See ECF No. 47, pgs. 4-5 (citing Smiddy v. Varney, 803 F.2d 1469 (9th Cir. 1986)). The Court stated:

> While the Court agrees with Defendant that Plaintiff's claim is properly characterized as a claim for malicious prosecution and that the Smiddy presumption applies to such claims in general, the Court does not agree with Defendant that Plaintiff's allegations in this case fail to overcome the Smiddy presumption. Defendant's argument is based on the incorrect conclusion that "by his own pen, Plaintiff alleges that Deputy Bryant conducted a negligent investigation" and "Plaintiff has affirmatively alleged only negligence by Deputy Bryant. . . ." As Defendant acknowledges, Plaintiff claims that Defendant knew or should have known the document at issue was in fact a real court document and not a letter disguised as a court document and, as such, sending it in the mail was not a violation of California Penal Code § 166(a)(4). To the extent Plaintiff claims Defendant Bryant knew the document was in fact a court document, the Court must presume the allegation to be true. The allegation that Defendant knowingly supplied false information is sufficient at the pleading stage to overcome the Smiddy presumption. Whether Plaintiff's allegation is borne out by the evidence is a question for a later day.

ECF No. 47, pg. 6.

///

///

5

## II. DEFENDANT'S EVIDENCE

As outlined in Defendant's statement of undisputed facts, Defendant contends the following facts are undisputed:

1. On July 1, 2015, Charles Duran filed a petition to prevent civil harassment against Plaintiff Robinson in the Butte County Superior Court, <u>Duran v. Robinson</u>, case no. 164574. (Request for Judicial Notice, Exhibit A).

2. On the same day, the Butte County Superior Court issued a temporary restraining order in favor of Duran against Robinson. (Request for Judicial Notice, Exhibit A).

3. The temporary restraining order was continued in place through a hearing scheduled for September 9, 2015. (Request for Judicial Notice, Exhibit A).

4. At the September 9, 2015, hearing, the court granted a three-year restraining order in favor of Duran against Robinson. (Request for Judicial Notice, Exhibit B).

5. The restraining order prevented Plaintiff from contacting Duran, either directly or indirectly, in any way, including in writing or by public or private mail. (Request for Judicial Notice, Exhibits A and B).

6. The order permitted Plaintiff to have "peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case upon" Duran. (Request for Judicial Notice, Exhibits A and B).

7. Defendant Kenneth Bryant is a Butte County Deputy Sheriff and has been continuously so employed since September 2014. (Bryant Declaration, ¶ 1).

8. At the time of the events alleged in the complaint, Bryant had investigated approximately four restraining order violation cases. (Bryant Declaration, ¶ 2).

9. On October 1, 2015, Butte County Sheriff's Dispatch advised Bryant to contact Duran in the Butte County Sheriff's Office lobby for a restraining order violation and Bryant opened his investigation file in case no. C15-15609. (Bryant Declaration, ¶ 3 and Exhibit A to Bryant Declaration).

10. As part of his investigation, Defendant Bryant reviewed the subject restraining order and learned and understood the fact set forth above. (Bryant Declaration, ¶ 4).

11. At an October 1, 2015, interview with Duran, Duran told Bryant that he received three documents in the mail from Joseph Robinson after the restraining order was in place. (Bryant Declaration, ¶ 10).

12. On the same day, Duran provided Bryant with a written statement regarding the three documents he had received in the mail from Robinson. (Bryant Declaration, ¶ 10 and Exhibit A to Bryant Declaration).

13. On the same day, Duran also provided Bryant with the three documents received from Robinson. (Bryant Declaration, ¶ 12).

14. Bryant reviewed the restraining orders, Duran's written statement, and the three documents received from Duran on October 1, 2015. (Bryant Declaration, ¶ 14).

15. The first of the three documents is a subpoena. Bryant Declaration, ¶ 15 and Exhibit A to Bryant Declaration).

16. The second of the three documents is an August 29, 2015, letter from Robinson to Duran that was enclosed with the subpoena. (Bryant Declaration, ¶ 16 and Exhibit A to Bryant Declaration).

17. The third of the three documents is a September 16, 2015, letter entitled "Notice of Joined Cases and Notice that Duran's Restraining Order Against Robinson is Invalid and Void Because Robinson has the Right to Arrest Duran for Felony Assault." (Bryant Declaration, ¶ 18 and Exhibit A to Bryant Declaration).

18. On October 5, 2015, Defendant Bryant contacted Plaintiff Robinson by telephone and asked Robinson if he had sent Duran a form of correspondence after being served with the restraining orders; Robinson stated he had sent Duran legal documents in the mail but had no other contact with him. (Bryant Declaration, ¶ 20).

19. On the same day, after the phone call, Defendant Bryant received an email from Robinson with three attachments Robinson indicated were the three documents Robinson sent to Duran. (Bryant Declaration, ¶ 21 and Exhibit A to Bryant Declaration).

20. The documents attached, which was a letter written by Robinson, did not match either the August 29, 2015, or September 16, 2015, letters Robinson sent to Duran. (Bryant Declaration, ¶ 23 and Exhibit A to Bryant Declaration).

21. Bryant prepared a Declaration of Probable Cause for Arrest Warrant dated October 5, 2015, for violation of California Penal Code § 166(4) based on Robinson's violation of restraining orders. (Bryant Declaration, ¶ 25 and Exhibit A to Bryant Declaration).

22. Bryant believed the three documents sent to Duran by Robinson were (sent) in violation of the restraining orders. (Bryant Declaration, ¶ 25).

23. The August 29, 2015, and September 16, 2015, letters were provided unaltered to the Butte County District Attorney's Office. (Bryant Declaration, ¶ 27).

24. Bryant's investigation was completed on October 5, 2015, and Bryant engaged in no further work in the matter after this date. (Bryant Declaration, ¶ 29).

7

25. At no time has Bryant represented that he reviewed the court file in Butte County Superior Court case no. 164958. (Bryant Declaration, ¶ 30).

26. At no time prior to the dismissal of People v. Robinson, Butte County Superior Court case no. SCR109597, did Bryant know that the September 16, 2015, letter from Robinson to Duran was filed with the court. (Bryant Declaration, ¶ 31).

27. At no time prior to the dismissal of People v. Robinson did Robinson tell Bryant that the September 16, 2015, letter Robinson sent to Duran was filed with the court. (Bryant Declaration, ¶ 33).

28. At no time did Bryant make the decision not to review the court's file in People v. Robinson. (Bryant Declaration, ¶ 32).

29. At no time did Bryant state or represent to any person or entity that the September 16, 2015, letter from Robinson to Duran was not filed with the court. (Bryant Declaration, ¶ 34).

30. At no time did Bryant conspire with Duran to use the September 16, 2015, letter as the basis to have Robinson criminally charged and prosecuted. (Bryant Declaration, ¶ 35).

31. Bryant had no contact with Duran after the October 1, 2015, interview. (Bryant Declaration, ¶ 37).

32. Bryant had no contact with the Butte County District Attorney's Office during the pendency of People v. Robinson. (Bryant Declaration, ¶ 39).

33. Bryant did not participate or otherwise engage with the Butte County District Attorney's Office regarding the decision to file the criminal complaint in People v. Robinson, to prosecute that action, or to dismiss that action. (Bryant Declaration, ¶ 40).

34. The case was reviewed by Deputy District Attorney Veronica Carrillo, who determined there was sufficient evidence to prove Robinson had violated a restraining order based on the letter received by Duran on September 21, 2015. (Request for Judicial Notice, Exhibit C).

35. The criminal complaint in People v. Robinson for violation of the restraining orders was filed on December 14, 2015. (Request for Judicial Notice, Exhibit C).

36. On February 27, 2020, the Butte County District Attorney's Office determined that the letter received by Duran on September 21, 2015, did not violate the restraining orders. (Request for Judicial Notice, Exhibit C).

ECF No. 88-2.

///

///

Defendant's separate statement of undisputed facts is supported by the Declaration of Kenneth Bryant and attached exhibits, see ECF No. 88-3, and a Request for Judicial Notice and attached exhibits, see ECF No. 88-4.

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983 for malicious prosecution, the plaintiff must allege "that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995). In this context, Defendant argues that Plaintiff's allegations fail to overcome the conclusion that investigating officers are immunized from liability for malicious prosecution when a criminal complaint is filed because it is presumed the prosecutor exercised independent judgment in determining probable cause for an accused's arrest existed at the time of the arrest. "Unless overcome, . . . the presumption insulates the arresting officers from liability for harm suffered after the prosecutor initiated formal prosecution." Smiddy, 803 F.2d at 1471; see also Harper v. City of Los Angeles, 533 F.3d 1010, 1027 (9th Cir. 2008).

To overcome the presumption that the prosecutor exercised independent judgment, the plaintiff must allege and prove "that the district attorney was subjected to unreasonable pressure by the police officers, or that the officers knowingly withheld relevant information with the intent to harm [him], or that the officers knowingly supplied false information." Id. Negligence on the part of the investigating officers is insufficient to overcome the presumption. See Smiddy, 803 F.2d at 1472-73.

///
///
///
///
///
///

In his motion for summary judgment, Defendant Bryant argues that he prevails as a matter of law because there is no evidence to rebut the Smiddy presumption of prosecutorial independence, which immunizes investigating officers from liability for malicious prosecution. See ECF No. 88-1, pgs. 23-34. According to Defendant, the undisputed facts show:

1. The Butte County District Attorney's Office and Deputy District Attorney Carrillo reviewed the evidence, specifically the letter from Joseph Robinson received by Charles Duran on September 21, 2015, exercised her independent judgment, and filed the criminal complaint.

2. There is no evidence that Defendant Bryant subjected Carrillo to any pressure.

3. There is no evidence that Defendant Bryant knowingly withheld information from the Butte County District Attorney's Office with the intent to harm Plaintiff, or that he knowingly supplied false information; to the contrary, the information provided by Bryant was accurate.

4. There is no evidence that Bryant knew the September 16, 2015, letter from Plaintiff was a real court document, knew that it was permitted by the September 9, 2015, order, but nonetheless knowingly supplied false information to the Butte County District Attorney's Office.

See id.

Here, it is not disputed that Deputy District Attorney Carrillo made the decision to prosecute Plaintiff for violation of the restraining order. What is at issue is whether Defendant Bryant improperly influenced that decision such that the Smiddy presumption, which would otherwise shield Bryant from liability, is overcome. While the Smiddy presumption may be overcome with evidence of undue pressure by the investigating officer, or evidence that the investigating officer knowingly withheld relevant information with the intent to harm, Plaintiff contends the presumption is overcome in this case because Bryant knowingly provided false information.

On September 9, 2015, the Butte County Superior Court issued a three-year Civil Harassment Restraining Order After Hearing. See ECF No. 88-4, pgs. 30-34 (Exhibit B to Defendant's Request for Judicial Notice). This order protected Duran and restrained Plaintiff. See id. at 30. The order directed Plaintiff not to: (1) "Harass, intimidate, molest, attack, strike, stalk, threaten, assault (sexually or otherwise), hit, abuse, destroy personal property of, or disturb

the peace of the person"; (2) "Contact the person, either directly or indirectly, in any way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by e-mail, by text message, by fax, or by other electronic means"; or (3) "Take any action to obtain the person's address or location." Id. at 31.  The order also provided for an exception as follows: "Peaceful written contact through a lawyer or a process server or other person for service of *legal papers related to a court case* is allowed and does not violate this Order." Id. at 31 (emphasis added).

The undisputed evidence in this case establishes that Plaintiff caused three documents to be sent to Duran.  These documents are: (1) a subpoena issued by the Butte County Superior Court on August 28, 2015, commanding Duran to appear at a hearing on September 9, 2015; (2) a document prepared by Plaintiff and styled as a court filing in Butte County Superior Court case no. 164958 captioned "NOTICE OF JOINED CASES and NOTICE THAT DURAN'S RESTRAINING ORDER AGAINST ROBINSON IS INVALID AND VOID BECAUSE ROBINSON HAS THE RIGHT TO AREST DURAN FOR FELONY ASSAULT" (referred to by Plaintiff as the "NJC"); and (3) a letter dated August 29, 2015, from Plaintiff to Duran.  See ECF No. 88-3, pgs. 32-35 (Exhibit A to Bryant Declaration).  Plaintiff contends these documents were served on Duran by a process server, and Defendant does not provide any evidence to put this contention in dispute.  It is also undisputed that, based on Duran's receipt of these documents, Bryant completed a Declaration of Probable Cause for Arrest Warrant on October 5, 2015.  See ECF No. 88-3, pg. 25 (Exhibit A to Bryant Declaration).

According to Plaintiff, the documents sent to Duran which were the subject of Bryant's subsequent investigation are patently "legal papers related to a court case" and thus fall with the exception specified in the subject restraining order. Plaintiff maintains that by providing the Declaration of Probable Cause for Arrest Warrant to the Butte County District Attorney's Office, based on these documents that so obviously did not offend the restraining order terms, Bryant knowingly provided false information to the prosecuting authority.  Knowingly supplying false information would defeat the Smiddy presumption of prosecutorial immunity.

/ / /

1  This, however, is not the situation here.  Of the three documents at issue, the

2  August 28, 2015, subpoena issued by the Butte County Superior Court commanding Duran's

3  attendance at a September 9, 2015, hearing is clearly a "legal paper related to a court case".

4  Likewise, though not quite as clear but giving Plaintiff the benefit of the doubt, Plaintiff's

5  September 16, 2015, NJC is also a legal paper related to a court case, specifically a notice in

6  Butte County Superior Court case no. 164958.  As such, service of these two documents do not

7  generate a violation of the subject restraining order.

8  However, Plaintiff's argument fails with respect to the third document –

9  Plaintiff's August 29, 2015, letter accompanying the subpoena served on Duran.  In this letter,

10  Plaintiff writes:

> Joseph Robinson                                              August 29, 2015
> 230 Walnut Street
> Suite C  Box 135
> Chico, CA  95928
>
> Charles Duran                   RE:  Subpoena – Hostile Witness
> 609 Entler Avenue
> Chico, CA  95928
>
>
> Master Chuck,
>
> Your testimony is required to prove intent to commit
> great bodily harm when you sucker-punched me.
>
> Your sucker-punch was a cheap shot that I could not defend.
> Your Temporary Restraining Order was another cheap shot,
> but the difference is that we are on equal footing in Court.
>
> You will testify for me as a hostile witness.
> This Subpoena orders you to be present.
> Now youse [sic] can't leave.
>
> ECF No. 88-3, pg. 33.

25  The Court finds that this document is not so obviously a "legal paper related to a

26  court case" that Bryant necessarily provided false information when he sent the document to

27  Carrillo in support of his Declaration of Probable Cause for Arrest Warrant.  While the subpoena

28  accompanying this letter is such a document, the letter itself is only arguably so.  Though the

letter relates to the subpoena, it is not so plainly a "legal paper" (such as a pleading, subpoena, or writ) that Bryant would be knowingly false in characterizing the subject letter as the very kind of communication from Plaintiff to Duran that the restraining order was meant to prohibit.  Because the August 29, 2015, letter was not so obviously a legal paper related to a court case, Bryant did not necessarily provide false information when he supplied it to the prosecutor.

Accordingly, the Court finds that Plaintiff has not overcome the Smiddy presumption that extends prosecutorial immunity to Defendant Bryant here.  Defendant is immunized from liability and entitled to judgment as a matter of law.

## IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's third amended motion for summary judgment, ECF No. 87, is denied;

2. Defendant's Request for Judicial Notice, ECF No. 88-4, is granted;

3. Defendant's motion for summary judgment, ECF No. 88, is granted;

4. All other pending motions, ECF Nos. 99 and 100, are denied as moot; and

5. The Clerk of the Court is directed to enter judgment and close this file.

Dated:  September 24, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE